681 So.2d 797 (1996)
D.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02755.
District Court of Appeal of Florida, Second District.
October 4, 1996.
*798 James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
D.M. appeals the order of disposition and sentence imposed following his no contest plea to committing a delinquent act, specifically arguing that the trial court erred in denying his motion to dismiss the petition alleging that he committed the delinquent act of obstructing an officer without violence. We reverse.
At the hearing on D.M.'s motion to dismiss, the state and defense counsel stipulated to the facts contained in D.M.'s motion to dismiss. No other facts were presented at the hearing. The motion to dismiss contained the following facts:
1. At 9:00 p.m., two officers of the Sarasota Police Department observed a vehicle fail to stop at a red light. The car almost struck the police vehicle.
2. The officers initiated a traffic stop within one block.
3. The vehicle did not stop.
4. Shortly thereafter, the occupants fled from the vehicle while it was still moving, at which time the car went into a ditch. D.M. was one of the fleeing passengers.
5. The officers began a foot pursuit of the vehicle's occupants, apprehending the driver and one passenger.
Following the hearing, the trial judge denied D.M.'s motion to dismiss. D.M. entered a no contest plea reserving his right to appeal the denial of his motion to dismiss.
In order to prove that a defendant is guilty of unlawfully obstructing an officer without violence, the state must establish that the defendant fled with knowledge of the officer's intent to detain him and the officer was justified in making the detention due to his founded suspicion that the defendant was engaged in criminal activity. F.E.C. v. State, 559 So.2d 413 (Fla. 2d DCA 1990). See also S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995).
Here, there were no facts that the officers suspected that D.M. was involved in criminal activity. Further, flight alone does not give rise to a well-founded suspicion nor does it constitute obstructing an officer. F.E.C., 559 So.2d at 414.
We reverse and remand with directions to the trial court to enter an order granting D.M.'s motion to dismiss.
FRANK, A.C.J., and FULMER, J., concur.